EXHIBIT A

JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
BENJAMIN M. O'DONNELL (CA Bar No. 309119)
(Email: bodonnell@gslaw.org)
MITZI MARQUEZ-AVILA (CA Bar No. 329032)
(Email: mmarquez@gslaw.org)
**GILBERT & SACKMAN
A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys for Plaintiffs Nina Baek
and Megan Ramsey*

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/21/2023 6:11 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| NINA BAEK and MEGAN RAMSEY, individually and on behalf of all similarly situated current and former guests,<br><br>Plaintiffs,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.; COURTYARD MANAGEMENT, LLC.; MARRIOTT HOTEL SERVICES, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 23STCV14318<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. Violations of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*);<br>2. Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>3. Unjust Enrichment<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1.     In June 2022, the City of Los Angeles enacted a Hotel Worker Protection Ordinance ("Ordinance"), which took effect on August 12, 2022. Under the Ordinance, hotels in Los Angeles are required to take a number of steps to protect workers from exploitation, sexual harassment, and sexual assault. To counter sexual harassment and assault, the Ordinance requires hotels to provide workers with personal security devices (also known as panic buttons) as well as paid time off to report violent or threatening conduct. To prevent worker exploitation, the Ordinance sets limits on the amount of square footage hotels can require Room Attendants to clean each day; grants hotel employees the right to decline workdays over ten hours long; and requires that occupied guest rooms be cleaned and sanitized once per day, unless the guest affirmatively declines the service.

2.     After the Ordinance went into effect, Defendants Marriott International, Inc.; Courtyard Marriott Management, LLC; and Marriott Hotel Services, LLC ( collectively, "Marriott") began to impose a new mandatory nightly fee on hotel guests at select Los Angeles-area hotels. Marriott calls the fee a "Hotel Worker Protection Ordinance Costs Surcharge" ("HWPO Fee") and refers to it as a "local fee." The fee is mandatory and non-waivable for guests staying at the hotels. It ranges from approximately $10-14 per room per night, depending on the hotel.

3.     Despite its representation to guests that the HWPO Fee goes toward the cost of compliance with the Ordinance, the sum brought in by the Fee far exceeds the costs of compliance. The Los Angeles Airport Marriott, for example, is a 1,004-room hotel that typically averages around an occupancy rate above 80%. Even at just 80% occupancy (803 occupied rooms per night), however, the hotel makes over $10,000 per night from guests by charging the HWPO Fee—working out to over $3,600,000 annually at that single hotel. The HWPO Fee is nothing more than a "junk fee" under the guise of "worker protection," directly benefiting Marriott at the expense of their guests. The fee also gives Marriott an unfair advantage over its competitors by enabling it to market rooms at a lower rate, then offset the discount via the hidden HWPO fee, which is added to the total during booking. This allows Marriott to advertise a lower room rate than it actually charges its guests.

4.     Nina Baek and Megan Ramsey ("Named Plaintiffs") were guests of Marriott in June 2023, paid the HWPO Fee, and now bring this action against Marriott and other as of yet unnamed Defendants,

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

alleging unfair business practices, violations of the California Business and Professions Code, and violations of the California Civil Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated guests at Marriott hotels in Los Angeles who were charged the HWPO Fee.

5.      Named Plaintiffs seek class-wide relief under California law for Marriott's violations of California law.

6.      California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) prohibits businesses in California from engaging in (1) unlawful business practices; (2) unfair business practices; (3) fraudulent business practices; (4) unfair, deceptive, untrue, or misleading advertising; and (5) other prohibited acts. Marriott's statements that the HWPO Fee is a "local fee" that goes towards the cost of compliance with the Ordinance are unfair, deceptive, untrue, and misleading, and result in Marriott gaining an unfair advantage over its competitors in the hospitality industry.

7.      California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) similarly prohibits businesses from (1) using deceptive representations with regard to services; (2) representing that services have uses or benefits that they do not have; and making other illegal statements. Cal. Civ. Code § 1770. Marriott's statements to guests regarding the HWPO Fee are deceptive and confuse guests into believing that the fee goes towards the cost of compliance with the Ordinance and that it is imposed by the City of Los Angeles, when, in fact, it is not.

## **THE PARTIES**

8.      Named Plaintiff Nina Baek is, and at all relevant times was, a competent adult residing in Long Beach, California.

9.      Named Plaintiff Megan Ramsey is, and at all relevant times was, a competent adult residing in Los Angeles, California.

10.      Named Plaintiffs bring this action individually and on behalf of the following two classes of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former guests of Marriott hotels in the City of Los Angeles, California, who were charged a "Hotel Worker Protection Fee" or surcharge between August 12, 2022, and the present.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

11.     Defendant Marriott International, Inc. is headquartered in Bethesda, Maryland, has its principal place of business in Bethesda, Maryland, and does business in California. It operates hotels within the State of California and the City of Los Angeles.

12.     Defendant Courtyard Management, LLC, is headquartered in Bethesda, Maryland, has its principal place of business in Bethesda, Maryland, and does business in California. It operates hotels within the State of California and the City of Los Angeles.

13.     Defendant Marriott Hotel Services, LLC, is headquartered in Bethesda, Maryland, has its principal place of business in Bethesda, Maryland, and does business in California. It operates hotels within the State of California and the City of Los Angeles.

14.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

15.     Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, operated hotels in the City of Los Angeles, and that Defendants and each of them were joint venturers and/or alter egos of each other.

## JURISDICTION AND VENUE

16.     Venue is proper based on the location of hotels in Los Angeles County, as well as the location of the commission of the acts alleged herein in Los Angeles County. The relief requested is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

17.     Defendants own, manage, and/or operate hotels in the City of Los Angeles, including two hotels near LAX: the Los Angeles Airport Marriott, located at 5855 W. Century Blvd., Los Angeles, CA, 90045; and the Residence Inn by Marriott, located at 5933 W. Century Blvd., Los Angeles, CA, 90045.

18.     Marriott charges guests at each of these hotels a nightly "Hotel Worker Protection Fee" ranging from approximately $10-14. The current nightly fee at each of these hotels is:

Los Angeles Airport Marriott: $13.87 per night

Residence Inn by Marriott (LAX/Century Blvd.): $11.92 per night

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

19.     In addition to these hotels, Marriott operates a number of other hotels in the City of Los Angeles that also charge a HWPO Fee, including the Courtyard by Marriott, located at 6161 W. Century Blvd., Los Angeles, CA, 90045; the Four Points by Sheraton Los Angeles International Airport, located at 9750 Airport Blvd, Los Angeles, CA 90045; the Beverly Hills Marriott, located at 1150 S. Beverly Dr., Los Angeles, CA, 90035.

20.     Guests booking rooms at hotels charging a HWPO Fee via Marriott's web site are informed via a banner on the booking site that: "Please note - A daily Hotel Worker Protection Ordinance Costs Surcharge-local fee…will be added to the room rate." At some hotels, the wording of the banner is different, but in each case, the banner informs guests that the fee is a "local fee" that goes towards the "costs" of complying with the Ordinance.

21.     Despite Marriott's representation that the HWPO Fee goes toward the cost of complying with the Ordinance, Marriott charges guests more in HWPO Fees than it costs Marriott to comply with the Ordinance.

22.     Despite Marriott's representation that the HWPO Fee is a "local fee," the fee is neither mandated by the City of Los Angeles nor any state or local municipality or government. It is a fee that Marriott chooses to charge guests at its sole discretion.

23.     By choosing to charge a fee instead of increasing the room rate, Marriott is able to advertise a lower room rate both on its website and on third-party booking services, thereby gaining an unfair advantage over its competitors.  Consumers who view Marriott's room rates on Marriott's web site or on third-party booking services are not informed about the HWPO Fee until they actually attempt to book a room.

24.     Plaintiff Nina Baek stayed at the Residence Inn by Marriott hotel on June 11, 2023. She was charged a HWPO Fee of $11.92 during her stay.

25.     Plaintiff Megan Ramsey stayed at the Los Angeles Airport Marriott on June 7, 2023. She was charged a HWPO Fee of $13.87 during her stay.

26.     During their stay, both Plaintiffs inquired at the hotel's front desk about the HWPO Fee. Plaintiffs were informed that the fees went toward the cost of compliance with the Ordinance.

## CLASS ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves and the following ascertainable classes of similarly situated persons: All current and former guests of Marriott hotels in the City of Los Angeles, California, who were charged a "Hotel Worker Protection Fee" or surcharge between August 12, 2022, and the present.

28.     Plaintiffs reserve the right to modify the description of the classes and to later designate subclasses based on the results of discovery or otherwise.

29.     **Numerosity:** The proposed class is estimated to include thousands of members. These proposed classes are so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

30.     **Ascertainability:** The identities of the members of the class are readily ascertainable by review of Marriott's guest records to determine which guests were charged a HWPO Fee.

31.     **Commonality/Predominance:** There are predominant common questions of law and fact and a coherent community of interest amongst Plaintiff and the claims of the class, including but not limited to:

      a.   Whether Marriott falsely represented to its guests that the HWPO Fee went toward the cost of compliance with the Ordinance or protecting workers;

      b.   Whether Marriott falsely represented to its guests that the HWPO Fee was mandated by the City of Los Angeles or another state or local entity;

      c.   Whether Marriott obtained an unfair business advantage over its competitors by charging the HWPO Fee; and

      d.   Whether Marriott violated the Consumer Legal Remedies Act, Cal. Civil Code § 17500;

      e.   Whether Marriott violated the Unfair Competition Law, Cal. Bus. & Professions Code § 17200.

32.     **Typicality**: The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed classes. Named Plaintiffs' claims arise out of the alleged courses

of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

33. **Adequacy of Representation:** Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former guests of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

34. Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Plaintiffs and their counsel.

35. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the two proposed classes is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of each class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual class members' claims with respect to Marriott would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the proposed classes to protect their interests.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By Named Plaintiffs and All Putative Class Members Against All Defendants)

36.     Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

37.     This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class, and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

38.     The California Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.

39.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated guests and on behalf of the general public.

40.     Pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid," or "the utility of the defendant's conduct is outweighed by the gravity of the harm to the alleged victim."

41.     Defendants' statements about the HWPO Fee are false and deceptive in that they mislead guests into believing that the fee goes toward the cost of complying with the Hotel Worker Protection Ordinance.

42.     Defendants' statements about the HWPO Fee are false and deceptive in that they confuse guests into believing that the fee is mandated by the City of Los Angeles or another state or local government.

43.     Defendants' conduct of charging the HWPO Fee in a deceptive and misleading manner has no utility and financially harms hotel guests. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

44.     Defendants knew or should have known of their unfair conduct.

45.     Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the

unfair and unlawful business practices alleged herein, Defendants were able to advertise lower hotel prices before adding the HWPO Fee and thereby obtain a competitive advantage over law-abiding businesses with whom they compete, in violation of the UCL.

46.     As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business and Professions Code § 17200.

47.     There were reasonable alternatives to further any legitimate interest in mitigating the costs associated with complying with the Ordinance. For example, Defendants could charge an increased room rate instead of advertising a low rate then adding a fee.

48.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

49.     Defendant's violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continues to hold ill-gotten gains belonging to Named Plaintiffs and the putative class members and Defendants have profited in that amount from their unlawful practices.

50.     Business and Professions Code § 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and the putative class members are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all monies unlawfully charged to them since the August 12, 2022, and up to the present.

51.     Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated hotel guests. Named Plaintiffs, therefore, seeks restitution of all HWPO Fees, plus interest, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

52.    Defendants' statements about the HWPO Fee, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct. Defendants have violated the "unlawful prong" of the UCL by violating the CLRA (Cal. Civ. Code §1770 *et. seq.*).

53.    Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Named Plaintiffs and the Class are therefore entitled to an order requiring Defendants to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiffs' attorneys' fees and costs pursuant to, inter alia, California Civil Code Procedure §1021.5.

WHEREFORE, Plaintiff prays for judgment as set forth herein below.

## SECOND CAUSE OF ACTION

VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

(Cal. Civ. Code § 1750 *et seq.*)

(By Named Plaintiffs and All Putative Class Members Against All Defendants)

54.    Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

55.    This cause of action is brought pursuant to the Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

56.    The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

57.    Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

58.    Plaintiffs and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

59.    Hotel accommodations constitute a "service" under the CLRA. Cal. Civ. Code §1761(b).

60.     Named Plaintiffs and the putative Class Members' booking of hotel accommodations at Defendants' hotels within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

61.     Defendants' actions and conduct described herein reflect transactions that have resulted in the sale of services to consumers.

62.     Defendants' statements that the HWPO Fee goes towards the cost of compliance with the Hotel Worker Protection constitutes an unfair, deceptive, unlawful, and unconscionable commercial practice.

63.     Defendants' actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(1), 1770 (a)(2), 1770 (a)(3), 1770(a)(5), 1770(a)(7), 1770 (a)(9) and 1770(a)(16).

64.     As a result of Defendants' violations, Named Plaintiffs and the Class suffered, and continue to suffer, ascertainable losses by paying the HWPO Fee.

65.     Pursuant to § 1782 of the CLRA, Plaintiffs have notified Defendants in writing of the particular violations of § 1770 of the CLRA, and demanded Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On June 20, 2023, Plaintiffs' counsel sent Defendants a notice and demand letter, notifying Defendants of their violations of the CLRA and demanding that within 30 days, Defendants remedy the unlawful, unfair, false, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. See Cal. Civ. Code §1770.

66.     Plaintiffs will amend their complaint if Defendants do not agree to rectify their actions within 30 days.

67.     In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiffs are entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

68.     Plaintiffs and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT

(By Named Plaintiffs and All Putative Class Members Against All Defendants)

69.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

70.     Plaintiffs bring this claim individually and on behalf of the proposed Class against Defendants.

71.     Plaintiffs and Class Members conferred a benefit on Defendants by paying the HWPO Fee.

72.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class Members' payment of the HWPO Fee. Retention of those moneys under these circumstances is unjust and inequitable because the entire HWPO Fee did not go towards the cost of compliance with the Hotel Worker Protection Ordinance and was not mandated by the City of Los Angeles. As a result, hotel guests including Plaintiffs and putative class members have been misled and charged a fee.

73.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class Members for their unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1.     This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiffs as representatives of the Class, and appointing the attorneys and law firms representing Plaintiffs as counsel for the Class;

2.     For an order declaring the Defendants' conduct violates the statutes referenced herein;

3.     That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

4.     For an order to pay restitution to Named Plaintiffs and putative class members as a result of Defendant's unlawful activities, pursuant to Business and Professions Code § 17203;

5.     For equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiffs and proposed class members have an effective remedy;

6.     For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code § 17203;

7.     For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

8.     For declaratory relief;

9.     For pre-judgment and post-judgment interest at the legal rate;

10.    For an award of attorneys' fees and costs incurred in the filing and prosecution of this action;

11.    For such other and further relief as the Court may deem proper and just.


Dated: June 21, 2023                          **GILBERT & SACKMAN**
                                              A Law Corporation


                                              By: _____
                                              Joshua F. Young
                                              Attorneys for Plaintiffs

## __DEMAND FOR JURY TRIAL__

Named Plaintiffs Nina Baek and Megan Ramsey, individually and on behalf of all similarly situated current and former hotel guests of Defendants, hereby request a jury trial on all claims so triable.

Dated: June 21, 2023                                     Respectfully submitted,

                                                    **GILBERT & SACKMAN**
                                                    A Law Corporation


                                                    By: _____
                                                    Joshua F. Young
                                                    Attorneys for Plaintiffs

---

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 0 6 2023

David W. Slayton, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| Nina Baek<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Marriott International, Inc.<br>　　　　　　　　Defendant | Case No. 23STCV14318<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge David S. Cunningham III<br><br>Department: SS11<br>Date: September 6, 2023<br>Time: 11:00 AM |

This case has been assigned for all purposes to Judge David S. Cunningham III in the Complex Litigation Program. An Initial Status Conference is set for September 6, 2023 at 11:00 a.m. in Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street, Los Angeles, California 90012. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each

1

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ◼ Motion to Compel Arbitration,
- ◼ Early motions in limine,
- ◼ Early motions about particular jury instructions and verdict forms,
- ◼ Demurrers,
- ◼ Motions to strike,
- ◼ Motions for judgment on the pleadings, and
- ◼ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

4

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a

---

[2] California Rule of Court, Rule 3.770(a)

copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on

counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service

of this order. If any defendant has not been served in this action, service is to be completed within

twenty (20) days of the date of this order.

     If all parties have been served, have conducted the required meet and confer, and are ready to

fully participate in the status conference prior to the assigned date, counsel may contact the clerk of

Department SS11 and request an earlier date for the Initial Status Conference.

Dated:

**JUL 0 6 2023**

DAVID S. CUNNINGHAM III
Judge of the Los Angeles Superior Court

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 11

**23STCV14318**                                                          July 6, 2023
**NINA BAEK, et al. vs MARRIOTT INTERNATIONAL, INC.,**                     3:08 PM
**et al.**

Judge: Honorable David S. Cunningham III        CSR: None
Judicial Assistant: T. Lewis                    ERM: None
Courtroom Assistant: C. Concepcion              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Newly Filed Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
09/06/23 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 11

**23STCV14318**                                                     July 6, 2023
**NINA BAEK, et al. vs MARRIOTT INTERNATIONAL, INC.,**              3:08 PM
**et al.**

| | |
|---|---|
| Judge: Honorable David S. Cunningham III | CSR: None |
| Judicial Assistant: T. Lewis | ERM: None |
| Courtroom Assistant: C. Concepcion | Deputy Sheriff: None |

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**23STCV14318** July 6, 2023
**NINA BAEK, et al. vs MARRIOTT INTERNATIONAL, INC.,** 3:08 PM
**et al.**

Judge: Honorable David S. Cunningham III       CSR: None
Judicial Assistant: T. Lewis                   ERM: None
Courtroom Assistant: C. Concepcion             Deputy Sheriff: None

---

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/06/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ T. Lewis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Nina Baek  et al | |
| DEFENDANT/RESPONDENT:<br>Marriott International, Inc., et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV14318 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Filed Case) of 07/06/2023, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joshua Finley Young
Gilbert & Sackman A Law Corporation
3699 Wilshire Blvd Ste 1200
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/6/2023

By:  T. Lewis
        Deputy Clerk

**CERTIFICATE OF MAILING**

JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
BENJAMIN M. O'DONNELL (CA Bar No. 309119)
(Email: bodonnell@gslaw.org)
MITZI MARQUEZ-AVILA (CA Bar No. 329032)
(Email: mmarquez@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys for Plaintiffs Nina Baek*
*and Megan Ramsey*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| NINA BAEK and MEGAN RAMSEY, individually and on behalf of all similarly situated current and former guests, | Case No. 23STCV14318 |
| | [Assigned for all purposes to The Honorable David S. Cunningham, Dept. 11] |
| Plaintiffs, | |
| v. | **PROOF OF SERVICE** |
| MARRIOTT INTERNATIONAL, INC.; COURTYARD MANAGEMENT, LLC.; MARRIOTT HOTEL SERVICES, LLC, and DOES 1 through 10, inclusive, | Date:       September 6, 2023<br>Time:       11:00 a.m.<br>Location:    Dept. 11 |
| Defendants. | Action Filed:    June 21, 2023<br>Trial Date:     None Set |

PROOF OF SERVICE

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 3699 Wilshire Boulevard, Suite 1200, Los Angeles, California 90010.

    On July 13, 2023, I served the following document(s) described as on the interested parties in this action addressed as follows:

    1)  **INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM), DATED JULY 6, 2023**

    2)  **COURT ORDER RE: NEWLY FILED CASE, WITH CERTIFICATE OF MAILING, DATED JULY 6, 2023**

|  |  |
|---|---|
| Marriott International, Inc.<br>c/o CT Corporation System<br>330 N. Brand Blvd.<br>Glendale, CA 91203 | Courtyard Management LLC<br>c/o CT Corporation System<br>330 N. Brand Blvd.<br>Glendale, CA 91203 |

Marriott Hotel Services, LLC
c/o CT Corporation System
330 N. Brand Blvd.
Glendale, CA 91203

☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013(a)).

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on July 13, 2023 at Los Angeles, California.

_Darcy G. Laparra_
Darcy G. Laparra